UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WESTERLUND,

    Movant,

v.

File No. 1:13-CV-654

HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
                                                /

## **OPINION**

This matter is before the Court on Movant Thomas Westerlund's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 1). The government filed a response to this motion (ECF No. 7). Also before the Court is Movant's pro se motion for leave to file an oversized brief (ECF No. 2). The Court has the discretion to enlarge the page limit for briefs filed in support of a motion (W.D. Mich. LCivR 7.1(c)). Additionally before the Court is Movant's pro se motion[1] to limit the government's access to information protected by attorney/client privilege, as well as for the appointment of counsel for discovery and evidentiary hearings as part of the § 2255 motion (ECF No. 10).

---

[1] This motion was filed as a "Motion to Clarify Procedure for Discovery and Disclosure." The Court has recharacterized it as a "motion to limit the government's access to information protected by attorney/client privilege, as well as for the appointment of counsel for discovery and evidentiary hearings." This motion is the first of two identical motions. Movant filed this motion unsigned. A conditional order was issued, striking the motion from the record unless a signature page was filed within twenty-one days. (Conditional Order 1, ECF No. 11.) Movant then filed an identical motion with the addition of his signature. (Mot. to Clarify Procedure for Disc. and Disclosure, ECF No. 13.) Movant then timely filed a signature page in response to the Conditional Order, resulting in two identical motions. (Signature Page, ECF No. 16.)

For the reasons that follow, having fully considered the briefs and affidavits, the Court grants the motion to file an oversized brief, denies the § 2255 motion, denies, as moot, the motions seeking to limit the government's access to information protected by attorney/client privilege, as well as for the appointment of counsel for discovery and evidentiary hearings, and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

### I.

On March 26, 2009, a warrant was issued to search for and seize, *inter alia*,

> cameras, . . . electronic storage devices, computers and peripheral devices that may have been used to photograph, record, and store images of minor children who are partially or completely undressed or in the presence of adults who may be having sexual relationships or showing the use of alcohol or controlled substances by minors.

(Search Warrant, Mar. 26, 2009, No. 1:09-CR-154, ECF No. 31.) During the search of Movant's residence on March 26, 2009, "investigators discovered" printed "pictures of unclothed minor children." (Search Warrant, Mar. 27, 2009, No. 1:09-CR-154, ECF No. 31.) These pictures, and admissions made by Movant during an interview with a police detective, established probable cause for the March 27 search warrant, authorizing a search that was to include, but not be limited to, "any and all records, documents, e-mail, electronic files, and electronic images and/or videos related to the possession, manufacture, and distribution of child pornography and criminal sexual conduct." (*Id.*) A third search warrant, based on probable cause established by the two prior searches, was issued on April 14, 2009, authorizing the search of Movant's sailboat. (Search Warrant, Apr. 14, 2009, No. 1:09-CR-154, ECF No. 31.) On May 20, 2009, a four-count indictment was filed against Movant. (Indictment 1–5, No. 1:09-CR-154, ECF No. 13.)

On August 10, 2009, Movant filed a motion to suppress evidence seized as a result of the three search warrants, as well as to suppress his statements to police. (Mot. to Suppress 1–2, No. 1:09-CR-154, ECF No. 26.) On November 4, 2009, the Court found that, although the first search warrant did not have sufficient probable cause to search for child pornography, there was probable cause to search for evidence of providing intoxicants to minors. (Op. 11, No. 1:09-CR-154, ECF No. 42.) Thus, the Court denied Movant's motion to suppress, holding that "the discovery of evidence of child pornography was inevitable during the proper scope of the officers' search for evidence of providing intoxicants to minors." (*Id.*) On November 3, 2009, Movant conditionally pleaded guilty to all four counts in the indictment, reserving the right to withdraw his guilty plea if the denial of the motion to suppress was overturned on appeal. (Plea Agreement 1–2, No. 1:09-CR-154, ECF No. 41.) On May 12, 2010, the Court sentenced Movant to 240 months imprisonment. (J. 6, No. 1:09-CR-154, ECF No. 60.)

On April 25, 2012, the Sixth Circuit Court of Appeals rejected Movant's arguments that "the initial search warrant . . . was not supported by probable cause, that evidence obtained during the execution of that warrant was illegally seized, and that his subsequent statements to police and evidence seized pursuant to two related search warrants were subject to suppression as 'fruit of the poisonous tree'." *United States v. Westerlund*, 477 F. App'x 366, 367, 369 (6th Cir. 2012). On October 2, 2012, Movant's petition to the Supreme Court of the United States for a writ of certiorari was denied. (Letter From Supreme Court of the United States, No. 1:09-CR-154, ECF No. 67.) On June 17, 2013, Movant timely filed this § 2255 motion. (Mot. 1, ECF No. 1.)

3

## II.

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "Defendants seeking to set aside their sentences pursuant to . . . § 2255 have the burden of sustaining their contentions by a preponderance of the evidence." *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). Where the judge

considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

### III.

Movant argues that his trial counsel, Mr. David Kaczor, provided constitutionally ineffective assistance by not challenging the execution of the March 27 search warrant as being overly broad because electronic records "were not segregated by a neutral third party to eliminate pictures which had nothing to do with providing alcohol to minors prior to examination by police." (Br. 37, ECF No. 3.)

Movant's assertions of fact are contradicted by the record. Movant bases the § 2255 motion on the assertion that the March 27 search warrant was authorized based on probable cause established by images discovered on Movant's computer. (*Id.*) To the contrary, probable cause for the March 27 search warrant was established from printed pictures, not electronically stored images, discovered in Movant's residence by investigators while executing the March 26 search warrant. (Search Warrant, Mar. 27, 2009, No. 1:09-CR-154, ECF No. 31.) Because the probable cause for the March 27 search warrant was never established based on an examination of electronic images, there was no reason for Mr. Kaczor to insist that a "neutral third party" segregate electronic images "which had nothing to do with providing alcohol to minors prior to examination by police." Therefore, Mr. Kaczor did not provide constitutionally ineffective assistance by not objecting to the execution of the search warrant as being overly broad.

Movant also asserts that the indictment "was not presented or returned by the grand jury in open court" and thus argues that Mr. Kaczor provided constitutionally ineffective assistance by

failing to "move for dismissal of the indictment." (Br. 26, ECF No. 3.) An indictment may only be returned "to a magistrate judge in open court." Fed. R. Crim. P. 6(f). In the instant case, there is no indication in the record that the indictment was not presented in open court and Movant presents no evidence to support the claim other than his inherently incredible assertion. (Mot. 7; Br. 26–28, ECF Nos. 1, 3.) Therefore, the Court need not consider the merits of Movant's claims and Movant is entitled to no relief under § 2255 due to alleged constitutionally ineffective assistance of counsel.

### IV.

Movant has moved to limit the government's access to information protected by attorney/client privilege, as well as for the appointment of counsel for discovery and evidentiary hearings as part of the § 2255 motion. (Mot. to Clarify Procedure for Disc. and Disclosure 1, ECF Nos. 10, 13.)

These motions are rendered moot by the denial of the § 2255 motion. The record indicates that Mr. Kaczor has provided no information, privileged or otherwise, to the Court or the government. The government has gone so far as to suggest "that it is unnecessary to secure an affidavit from [Mr.] Kaczor." (Resp. 12, ECF No. 7.) Because no information is needed from Mr. Kaczor in order to dispose of the § 2255 motion, the issue regarding privileged information is moot. Additionally, Movant's request for the appointment of counsel for discovery and evidentiary hearings is rendered moot by the denial of the § 2255 motion without an evidentiary hearing.

### V.

Having determined that Movant's arguments do not merit granting the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court must also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901–03 (6th Cir. 2002).

A certificate of appealability should issue if Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong. Therefore, the Court denies Movant a certificate of appealability as to each issue presented.

## VI.

For the foregoing reasons, the Court grants Movant's motion to file an oversized brief, denies, as moot, Movant's motions to limit the government's access to information protected by attorney/client privilege and for the appointment of counsel for discovery and evidentiary hearings as part of the § 2255 motion, denies Movant's § 2255 motion, and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this opinion.

Dated: June 18, 2014          /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              UNITED STATES DISTRICT JUDGE